**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

EBONY NICOLE MCFADDEN,

    Plaintiff,

    v.

MARTIN J. O'MALLEY, Commissioner of
the Social Security Administration,

    Defendant.

CAUSE NO.: 2:24-CV-121-TLS-APR

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Complaint [ECF No. 9], filed by the Defendant on June 10, 2024.

**PROCEDURAL BACKGROUND**

On August 12, 2022, Administrative Law Judge Margaret Carey issued a decision, denying the Plaintiff's claim for benefits under the Social Security Act. Def. Ex. 1, ECF No. 9-2, pp. 4–19. The Plaintiff appealed the ALJ's decision, and the Appeals Council issued a notice dated March 3, 2023, denying the request for review. Def. Ex. 2, ECF No. 9-2, p. 27.

On May 2, 2023, the Plaintiff, represented by counsel, filed a complaint in this Court. *See McFadden v. Comm'r of Soc. Sec.*, No. 2:23-CV-150 (N.D. Ind.). On November 14, 2023, pursuant to an agreed motion to remand, the Court remanded the claim for further administrative review and judgment was entered. *See id.*

On January 24, 2024, the Appeals Council vacated the final decision of the Commissioner and remanded the case to an ALJ for further administrative proceedings. Def. Ex. 3, ECF No. 9-2, p. 32. The case was set for a hearing on July 2, 2024, and a notice of hearing was sent to the Plaintiff on April 9, 2024. Def. Ex. 4, ECF No 9-2, p. 38.

On April 9, 2024, the Plaintiff, proceeding without counsel, filed the Complaint [ECF

NO. 1] in this case. In her narrative, the Plaintiff alleges:

> 1. Letters have been mailed/wrong to attorney not on my claim as of 12/2023. By
> not properly allowing me time to appeal and confirmed w/SSA local office that a
> decision was made to deny on 2/8/2024. I called on 2/12/2024 to confirme[] all
> papers was submitted. The errors was made and decision was made wrongfully by
> SSA not perform all duties to process my claim the deny on bias opinions.
> 2. Upon my hearing had via phone w/a lawyer judge Margaret Carey, [  ], made
> bias decisions. Didn't review my files properly, that resulted in her erred mistake
> that properly proven by higher courts.

ECF No. 1, p. 2.

On June 10, 2024, the Defendant filed the instant Motion to Dismiss. ECF No. 9. On June

24, 2024, the Plaintiff filed a Motion to Waive Hearing [ECF No. 10] and submitted documents

and argument related to the ongoing administrative proceedings on her application for disability

benefits. On June 26, 2024, the Plaintiff filed a Motion to Withdraw a Hearing Request [ECF No.

12], again submitting documents related to her application for disability benefits pending before

the Social Security Administration.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the

viability of a complaint by arguing that it fails to state a claim upon which relief may be

granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed.

R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir.

1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the

complaint in the light most favorable to the non-moving party, accepts the factual allegations as

true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d

736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the

speculative level . . . on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, a court considers "the complaint itself" as well as "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). The Court may take judicial notice of the proceedings before the Social Security Administration. *See Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) (explaining that the court "has the power, in fact the obligation, to take judicial notice of the relevant decisions of courts and administrative agencies" and that "[d]eterminations to be judicially noticed include proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue" (cleaned up)).

## ANALYSIS

The Defendant moves to dismiss the Plaintiff's Complaint for failure to state a claim because the Plaintiff has not received a final decision of the Commissioner as required to obtain judicial review under 42 U.S.C. § 405(g).

Section 405(g) provides, in relevant part: !!

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Section 405(h) then addresses the finality of the Commissioner's decision:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action

against the United States, the Commissioner of Social Security, or any officer or
employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover
on any claim arising under this subchapter.

42 U.S.C. § 405(h). Thus, judicial review is permitted only in accordance with § 405(g). *See*

*Smith v. Berryhill*, 587 U.S. 471, 475 (2019) ("Congress made clear that review would be

available only 'as herein provided'—that is, only under the terms of § 405(g)" (citing 42 U.S.C.

§ 405(h); *Heckler v. Ringer*, 466 U.S. 602, 614–15 (1984))).

As the Supreme Court has explained, § 405(g) "contains two separate elements: first, a

'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . .

requirement that the administrative remedies prescribed by the Secretary be exhausted." *Id.* at

478 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). The instant case concerns the

"nonjurisdictional element of administrative exhaustion." *Id.* This is a "strong administrative

exhaustion requirement." *Ill. Ins. Guar. Fund v. Becerra*, 33 F.4th 916, 922 (7th Cir. 2022); *see*

*Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

The Commissioner's regulations provide that a claimant must complete a four-step

administrative review process to obtain a judicially reviewable final decision. 20 C.F.R.

§§ 404.900(a), 416.1400(a). The final step of the review process to obtain a final decision

reviewable by a federal court is to request review of the ALJ's decision by the Appeals Council.

*Id.*; *Smith*, 587 U.S. at 476. Exhaustion of these steps may be waived by the agency or excused

by the courts. *Smith*, 587 U.S. at 478 (citing cases).

The Defendant has not waived the exhaustion requirement as the Defendant has moved

for dismissal based on the failure to exhaust. *See Smith*, 587 U.S. at 478 (citing *Weinberger*, 422

U.S. at 767). And, the Plaintiff's Complaint does not allege that she exhausted her administrative

remedies by receiving a final decision from the Commissioner. In response to the line on the

preprinted Social Security Complaint that asks for "[t]he date printed on my Notice of Appeals

Council Action letter," the Plaintiff wrote, "N/A - Never got." ECF No. 1, p. 1. She did not

attach either a "Notice of Appeals Council Action Letter" or a "Decision of the Administrative

Law Judge." *See id.* Rather, she checked the box for "Other" and wrote: "letter was never sent to

appeal. Old attorney mailed a letter." *Id.* In addition, she did not plead any factual content that

shows she exhausted her administrative remedies. *See Busz v. O'Malley*, No. 1:23-CV-513, 2024

WL 2746568, at *3 (N.D. Ind. May 28, 2024) (dismissing social security complaint for failure to

exhaust administrative remedies when the complaint was deficient on its face). The Plaintiff's

pro se status does not excuse her from this legal requirement. *See Erikson v. Pardus*, 551 U.S.

89, 94 (2007).

The Court further finds that this case does not present one of the rare circumstances in

which the exhaustion requirement should be excused. *See Smith*, 587 U.S. at 478 (citing *Bowen*

*v. City of New York*, 476 U.S. 467, 484 (1986)). To justify excusing the exhaustion requirement,

a plaintiff must demonstrate three factors: (1) the claims in the lawsuit are collateral to claims for

benefits; (2) the plaintiff would be irreparably injured were the exhaustion requirement enforced

against them; and (3) exhaustion would have been futile. *Martin v. Shalala*, 63 F.3d 497, 504

(7th Cir. 1995); *see Bowen*, 476 U.S. at 483–85. The Defendant argues that excusing the

exhaustion requirement is not justified in this case, and the Plaintiff has not responded to argue

that exhaustion should be excused. None of these factors is present in this case. First, the

Plaintiff's claim is not collateral to a claim for benefits—it is a claim for benefits. Second, the

Plaintiff has not demonstrated that "deferment of judicial review until exhaustion of

administrative remedies would cause her injury that cannot be remedied by later payment of the

benefits requested." *Martin*, 63 F.3d at 505. Third, because the administrative process might well

result in the benefits the Plaintiff seeks, exhaustion of that process cannot be said to be futile.

*Bowen*, 476 U.S. at 484.

The Plaintiff has failed to show that she has exhausted her administrative remedies and obtained a judicially reviewable decision. Therefore, the Court dismisses the Plaintiff's Complaint. *See Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000) (finding that dismissal for failure to exhaust administrative remedies was proper under Rule 12(b)(6) where the complaint was deficient on its face); *see also Busz*, 2024 WL 2746568, at \*3 (citing *Massey*, 221 F.3d at 1034).

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS the Defendant's Motion to Dismiss Complaint [ECF No. 9] and ORDERS that the action is DISMISSED.

SO ORDERED on July 22, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT